IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LILLIE BROWN, As Administratrix
of the Estate of Jean Deloris Allen, Deceased                                    PLAINTIFF

vs.                                                                              No. 2:04CV70-D-A

MERHAF ZEINO, M.D.                                                                DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendant's motion for summary judgment. Upon due

consideration, the court finds that the motion should be granted. In addition, the court finds that the

Plaintiff's belatedly submitted objections to the Magistrate's July 12, 2005, order granting the

Defendant's motion to strike the Plaintiff's expert witnesses should be overruled.

*A. Factual Background*

On July 12, 2001, the Plaintiff's decedent, Ms. Jean Deloris Allen, an end stage renal disease

patient, was admitted to the Bolivar Medical Center with a complaint of severe chest pain. Nine

days later, while under the care of several physicians, including the Defendant (her nephrologist),

she went into acute cardiopulmonary arrest and died. The Plaintiff subsequently filed this medical

malpractice action in the Circuit Court of Bolivar County alleging that the Defendant was negligent.

The Defendant then removed the action to this court based on diversity jurisdiction. The Plaintiff

did not move for remand. The Defendant has now filed the presently pending motion for summary

judgment, seeking judgment as a matter of law on the Plaintiff's claims.

The Defendant seeks summary judgment based on the fact that, on July 12, 2005, the

Magistrate Judge assigned to this case entered an order granting the Defendant's motion to strike the

Plaintiff's medical experts because the Plaintiff failed to timely provide a complete expert

G:\Wptext\brown.opinion.0805.wpd

designation for the two proffered experts. While the Plaintiff now objects to that ruling upon review of the Magistrate's order, the court finds that it agrees with the Magistrate's reasoning, and hereby affirms the order of July 12, 2005. Accordingly, the court expressly finds that the Magistrate's ruling and order are not clearly erroneous or contrary to law, as is required before this court can reverse, vacate or modify the Magistrate's order on appeal. See Fed. R. Civ. P. 72(a).

## *B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier

of fact could find for the non-movant.  Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

## C.  Discussion

The question before the court is whether the Plaintiff's claims can survive summary judgment without any medical causation testimony.  It is well established that medical malpractice claims such as those presented in this case must be supported by expert testimony; otherwise, summary judgment is appropriate.  See Brooks v. Roberts, 882 So. 2d 229, 232 (Miss. 2004) (holding that "in a medical malpractice action negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care."); Bowie Montford Jones Mem'l Hosp., 861 So. 2d 1037 (Miss. 2003); Campbell v. McMillin, 83 F. Supp. 2d 761, 766 (S.D. Miss. 2000); Sheffield v. Goodwin, 740 So. 2d 854 (Miss. 1999); Williams v. Massey, 982 F. Supp. 413, 415 (N.D. Miss. 1997); Palmer v. Biloxi Reg'l Med. Ctr., 564 So. 2d 1346, 1355 (Miss. 1990); Cole v. Superior Coach Corp., 106 So. 2d 71, 72 (Miss. 1958).  Because the Plaintiff will be unable to present such testimony at trial, the court is constrained to find that summary judgment is appropriate in this case - no genuine issue of material fact remains and the Defendant is entitled to judgment as a matter of law.

A separate order in accordance with this opinion shall issue this day.

This the 5th day of August 2005.

/s/ Glen H. Davidson
Chief Judge